**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CINDY MITCHELL**                                                                **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 5:23-CV-P76-JHM**

**DEP'T OF VETERANS AFFAIRS**                                            **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil action. This matter is before the Court for screening under

28 U.S.C. § 1915A. Plaintiff Cindy Mitchell is incarcerated at the McCracken County Jail (MCJ).

She sues the Department of Veterans Affairs.

She states as follows in the complaint:

> I Cindy Michelle Mitchell am the daughter of Mr. Bobby Gene Mitchell. . . . His
> date of death was July 28, 1976. He was 32 years old I was just 5 years old. My
> father was killed in a mishap car wreck I was deemed as a helpless child by the
> Dept. of Veterans Affairs I drew my Dad's Veterans pension from the age of 5-18.
> Just because I turned 18 my mental status has never changed. His V.A. pensions
> should never had stopped. I'm considered as a helpless disabled adult child and I
> suffer from autism and dyslexia. I feel that I'm entitled to backpay all the way back
> to when they stopped his V.A. . . . I feel that with back pay and all I'm entitled to
> $170,000 from the age of 13-17 I was in Department of Childrens Services custody
> . . . . I want proof of where my father's V.A. checks went cause they weren't spent
> on me or I need 4 years of back pay from this incident[.]

(DN 1-1).

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or

employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the

complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In addition, it is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  Federal courts have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010).  The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Title 38 U.S.C. § 511(a), also known as the Veterans Judicial Review Act, precludes a district court from reviewing decisions on veterans' benefits, including constitutional challenges. Such challenges must be filed in the Court of Appeals for Veterans Claims, formerly known as the Court of Veterans Appeals, and from there they are reviewable by the Federal Circuit Court. *Beamon v. Brown*, 125 F.3d 965, 970-71 (6th Cir. 1997).  Consequently, this Court lacks subject-matter jurisdiction over Plaintiff's veterans' benefits claim. *See, e.g.*, *Lane v. Dep't of Veterans Affs.*, No. 1:19 CV 2746, 2020 U.S. Dist. LEXIS 49348 (N.D. Ohio Mar. 23, 2020).

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:  October 16, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.011